**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4531**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN DERON MYERS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:18-cr-00020-JLK-JCH-1)

Submitted: April 16, 2021                          Decided: June 11, 2021

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Rachel Barish Swartz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Deron Myers, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count 1), and possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 3). The district court imposed a 168-month sentence, which was within Myers' properly calculated Sentencing Guidelines range. Myers' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal. We identified two potentially meritorious issues and, accordingly, ordered the parties to submit supplemental briefs on: (1) whether the district court adequately explained its reasons for imposing the chosen sentence; and (2) whether the district court's imposition of a 10-year ban on federal benefits was authorized under 21 U.S.C. § 862(a). We affirm Myers' convictions, vacate his sentence, and remand for resentencing.[1]

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v.*

---

[1] In its brief filed in accordance with the supplemental briefing order, the Government seeks to invoke the appellate waiver provision in Myers' plea agreement. The Government's initial notice that it did not intend to file a response to counsel's *Anders* brief stated that it "agreed . . . that the appeal [was] entirely without merit," but the Government did not seek to invoke the waiver. We decline to enforce the appeal waiver at this late juncture in the proceedings. *See* 4th Cir. R. 27(f)(2) (stating that a motion to dismiss based on lack of jurisdiction "or on other procedural grounds should be filed within the time allowed for the filing of the response brief").

*United States*, 552 U.S. 38, 41 (2007). "[A] district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). Although the district court is not required "to robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence[,] . . . the district court must provide some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Ross*, 912 F.3d at 744 (internal quotation marks omitted).

Here, the district court denied Myers' request for a downward variance. In so doing, the court sufficiently addressed all the arguments advanced by Myers for that relief. When the court then imposed Myers' sentence, it could have provided a more robust discussion. But we consider the explanation given for denying the request for a variance in evaluating the adequacy of the district court's explanation of its sentence. After all, those two issues go hand in hand. When those explanations are considered, we cannot conclude that the district court's explanation of his sentence constitutes an abuse of discretion.

Turning next to the imposition of the ten-year ban on federal benefits, we specifically note that the district court plainly erred.[2] Of note, 21 U.S.C. § 862(a) provides

---

[2] The Government does not challenge this conclusion.

that "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall . . . upon a second conviction for such an offense be ineligible for any or all Federal benefits for up to 10 years after such conviction."  21 U.S.C. § 862(a)(1)(B).  Myers was convicted of a drug conspiracy charge, not a drug distribution charge, so § 862(a)(1)(B) does not apply.[3]  *See United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (stating elements of conspiracy to distribute controlled substances).  Accordingly, we vacate this portion of the district court's judgment.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal.  We therefore affirm Myers' convictions, but we vacate his sentence and remand for further proceedings.

This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review.  If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Myers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

---

[3] To the extent the district court imposed this ban as a result of Myers' possession offense, pursuant to 21 U.S.C. § 862(b), the 10-year ban imposed exceeds the maximum permitted by subsection (b).